**UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF TEXAS- SHERMAN DIVISION.**

| | |
|---|---|
| KENT STEADMON,<br><br>PLAINTIFF,<br><br>VS.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>EQUIFAX INFORMATION SERVICES, LLC, AND<br>TRANS UNION, LLC.<br><br>DEFENDANTS. | CASE NO: 4:26-CV-728 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kent Steadmon ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants U.S. Bank National Association ("U.S. Bank"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("TransUnion") (collectively, "Defendants"), and in support thereof respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action for actual, statutory, and punitive damages, costs, and reasonable attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against a systemic furnisher of credit information and two major consumer reporting agencies ("CRAs").

2. This action arises from the egregious and unlawful credit reporting practices of Defendants, who have willfully and/or negligently failed

to ensure the maximum possible accuracy of Plaintiff's credit information. Despite a definitive state court judgment rendering the subject account void and establishing that Plaintiff was a victim of identity theft, Defendant U.S. Bank continued to maliciously furnish, and the CRA Defendants continued to falsely publish, a derogatory and fraudulent trade line. As a direct result of Defendants' statutory noncompliance, Plaintiff suffered severe financial harm, credit denial, out-of-pocket losses, and deep emotional distress.

## II.    JURISDICTION AND VENUE

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action involves federal questions under the Fair Credit Reporting Act and supplemental jurisdiction for state law claims arises under 28 Y.S.C. §1367.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff resides within this District and Division, the transactions giving rise to this dispute occurred here, and the economic and emotional injuries were sustained within this District and Division.

## III.    PARTIES

5.    Plaintiff Kent Steadmon is a natural person and a resident of McKinney, Collin County, Texas, residing at 1507 Shelley St, McKinney, TX 75069. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.    Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association with its principal place of business in Minneapolis, Minnesota, and operates extensively throughout the State of Texas. U.S. Bank is a "furnisher of information" to consumer reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681s-2. U.S. Bank may be served through its

registered agent for service of process in Texas: CT Corporation System, 1999 Bryan Street, Suite 900; Dallas, Texas 75201-3136.

7.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company doing business in the State of Texas and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Equifax regularly assembles, evaluates, and disperses consumer credit information to third parties. Equifax may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendant Trans Union, LLC ("TransUnion") is a foreign limited liability company doing business in the State of Texas and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). TransUnion regularly assembles, evaluates, and disperses consumer credit information to third parties. TransUnion may be served through its registered agent: Prentice-Hall Corporation System, Inc, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.    FACTS OF THE COMPLAINT

9.       In or around October 21, 2020, a thief used Plaintiff Kent Steadmon's identity to purchase a 2019 Mercedes Benz automobile from Gene Messe VW in Lubbock, Texas.  It is noted that Lubbock is approximately 339 miles from Plaintiff's home in McKinney, or approximately five hours of drive time according to Google maps.

10.     The unknown identity thief used Plaintiff's compromised personal identifying information to fraudulently obtain an automotive loan from Defendant U.S. Bank without Plaintiff's knowledge, authority, or consent.

11.     Upon learning of the fraudulent transaction, Plaintiff promptly executed and filed an official police report detailing the identity theft and Social Security number compromise with the McKinney Police Department.

12.     Plaintiff executed and returned formal dispute documentation to

U.S. Bank confirming that the account was the product of identity theft. Plaintiff did not provide U.S. Bank with his driver's license or identification card, as he did not execute the transaction, and subsequently ceased all telephonic contact with U.S. Bank to prevent further collection harassment.

13.     Despite being notified of the identity theft, U.S. Bank aggressively pursued collection and subsequently instituted a civil lawsuit against Plaintiff in 2022 to collect on the fraudulent automotive loan.  The case was filed in District Court in Collin County, Texas, Cause No. 471-01970-2022.

14.     Mr. Steadmon was forced to pay out of pocket to hire legal counsel to defend against U.S. Bank's wrongful claims. Following extensive litigation, a final adjudication on the merits was entered on April 25, 2024, whereby Mr. Steadmon successfully defended against U.S. Bank's claims. The court ruled that he was not liable for the alleged debt.

15.     The 2024 judicial disposition conclusively established, as a matter of law, that Mr. Steadmon did not owe any balance to U.S. Bank.  Attached hereto as Exhibit "A" is a copy of the Collin County District Court Take-nothing judgment.[1]

16.      Following his total victory over U.S. Bank in 2024, Mr. Steadmon reasonably expected that his credit file would reflect the truth and that U.S. Bank would cease its derogatory reporting. He did not immediately review his credit reports during this period.

17.     In January 2025, Plaintiff's stepfather unfortunately passed away. Following this loss, Plaintiff sought to assist his grieving mother and determined that he needed to purchase a standard pickup truck for work and family obligations.

---

[1] In Texas state court, a take-nothing judgment is a final court decision in a civil lawsuit whereby the court rules that Plaintiff did not prove their case or that the Defendant successfully defended against the claims.  The Plaintiff "takes nothing" – the Defendant owes no money, property or compensation of any kind on Plaintiff's claims.

18.    In April 2025, Plaintiff visited the "Year 1" automotive dealership in McKinney, Texas, intent on purchasing and financing a pickup truck. He had recently received some money from his stepfather's life insurance and so had money to put down a good down payment and knowing his credit showed his good payment history, Plaintiff thought he would have no trouble purchasing a vehicle.

19.    Upon running Plaintiff's credit profile to secure financing, the dealership discovered that the U.S. Bank trade line was still being actively reported as a severely derogatory, delinquent balance on Plaintiff's credit reports.

20.    As a direct result of this inaccurate reporting, Plaintiff could not get a truck with a reasonable interest loan.  He required the truck to assist with moving his mother, so he was forced to deplete the entirety of the insurance proceeds received from his stepfather to purchase the pickup truck in cash. This forced expenditure completely stripped Plaintiff of the liquidity he had hoped to put into emergency savings.

21.    Shocked to find that U.S. Bank was still reporting this false derogatory information – that he owed on a debt which was not his -- after he already hired a law firm and fought the lawsuit, Plaintiff initiated formal, written disputes to Defendants Equifax and TransUnion.  He requested the immediate removal of the U.S. Bank account car loan from his credit reports.

22.    The disputes explicitly detailed that the U.S. Bank account was fraudulent, resulted from identity theft, and had already been litigated to a final defense judgment in 2024.  Mr. Steadmon included a copy of the Take-nothing Judgment with his disputes.

23.    Defendants Equifax and TransUnion received Plaintiff's dispute notifications and were mandated to forward the dispute, along with all relevant documentation, to the furnisher, U.S. Bank, within five (5) business

days pursuant to 15 U.S.C. § 1681i(a)(2).

24.    Upon information and belief, U.S. Bank received automated consumer dispute verifications ("ACDVs") from Equifax and TransUnion regarding Plaintiff's dispute.

25.    Despite having actual knowledge of the 2024 court judgment—because they were the Plaintiff—U.S. Bank verified the false loan information as "accurate" to the CRA defendants. U.S. Bank failed to conduct a reasonable investigation.  A review of their own internal legal files should have shown them that this account was not owed.

26.    Defendants Equifax and TransUnion failed to maintain or exercise reasonable procedures to assure maximum possible accuracy of Plaintiff's information.  They rubber-stamped U.S. Bank's false verifications, and they failed to conduct a independent reinvestigation. Both TransUnion and Equifax ultimately refused to delete the derogatory data from Plaintiff's credit reports.

27.    This is not a case where reasonable minds could differ, or that the credit reporting agencies were being asked to make a legal judgment on who was correct – U.S. Bank or Mr. Steadman.  The court had already determined that Plaintiff did not owe anything to U.S. Bank.

28.    Due to Defendants' respective failures to conduct reasonable investigations of plaintiff's disputes, the indication on plaintiff's credit reports that he had failed to pay his auto loan was not appropriately deleted.

29.    As a direct and proximate result of the collective, noncompliant conduct of all Defendants, Plaintiff has suffered and continues to suffer pecuniary harm, credit destruction, an inability to access the mainstream credit market, out-of-pocket expenses, loss of financial liquidity, severe stress, anxiety, humiliation, and severe mental anguish.

//

//

V.                                PLAINTIFF'S CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

15 U.S.C. § 1681s-2(b)
(Defendant US BANK)

30.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31.    Defendant U.S. Bank is a "furnisher of information" subject to the requirements of 15 U.S.C. § 1681s-2(b).

32.    After receiving notice of Plaintiff's disputes from the CRA Defendants, U.S. Bank was legally required to: a. Conduct a timely and reasonable investigation with respect to the disputed information; b. Review all relevant information provided by the CRAs; c. Report the results of its investigation to the CRAs; and d. Modify, delete, or permanently block the reporting of the inaccurate information.

33.    U.S. Bank breached its statutory duties by failing to conduct a reasonable investigation, failing to acknowledge its own prior loss in the 2022-2024 litigation, and certifying inaccurate, derogatory, and unverified data to the CRAs.

34.    U.S. Bank's violations were **willful** within the meaning of 15 U.S.C. § 1681n, as it acted in conscious disregard for Plaintiff's statutory rights and maintained an inaccurate trade line despite a binding court judgment.  U.S. Bank had all the information necessary to determine that Plaintiff did not owe this debt – U.S. Bank had already been to court on this issue and lost!

35.    Alternatively, U.S. Bank's conduct was **negligent** within the meaning of 15 U.S.C. § 1681o.

36.    As a direct result of U.S. Bank's noncompliance, Plaintiff suffered actual damages, out-of-pocket expenses, credit denial, and mental anguish.

**SECOND CLAIM FOR RELIEF**

15 U.S.C. §1681e(b))
(Defendants Equifax and TransUnion)

37.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38.     Equifax and TransUnion are "consumer reporting agencies" subject to 15 U.S.C. § 1681e(b).

39.     In preparing and issuing consumer credit reports regarding Plaintiff, Equifax and TransUnion failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the individual's information, in violation of § 1681e(b).

40.     The CRA Defendants published egregiously false and derogatory account data that was legally void and factually inaccurate, causing immediate financial and reputation injuries.

41.     The CRA Defendants' violations were **willful** under 15 U.S.C. § 1681n, or, in the alternative, **negligent** under 15 U.S.C. § 1681o.

42.     As a result of Equifax and Transunion's violation of §1681e(b), Plaintiff has suffered actual damages, including without limitation, credit denials, out of pocket expenses, detriment to his credit ratings and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. § 1681n and § 1681o.

43.     Equifax's and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

44.     Plaintiff is entitled to recover costs and attorneys fees from Defendants Equifax and Trans Union pursuant to 15 U.S.C. § 1681n and § 1681o.

//

**THIRD CLAIM FOR RELIEF**

Violations of the FCRA (15 U.S.C. § 1681i)
(Defendants Equifax and TransUnion)

45.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46.     Pursuant to 15 U.S.C. § 1681i(a), Equifax and TransUnion were required to conduct a reasonable reinvestigation free of charge within 30 days of receiving Plaintiff's dispute to determine whether the disputed information was inaccurate.

47.     The CRA Defendants failed to conduct a reasonable reinvestigation. They completely ignored the public record judicial history provided by Plaintiff and blindly relied upon the electronic verifications submitted by the noncompliant furnisher, U.S. Bank.

48.     The CRA Defendants failed to delete or modify the inaccurate information after its inaccuracy was patently demonstrated, violating 15 U.S.C. § 1681i.

49.     The CRA Defendants' violations were **willful** under 15 U.S.C. § 1681n, or, in the alternative, **negligent** under 15 U.S.C. § 1681o

## VI.    JURY DEMAND

50.     Plaintiff is entitled to and requests a trial by jury.

## VII.    PRAYER

**WHEREFORE,** Plaintiff Kent Steadmon respectfully requests that this Court enter judgment in his favor and against Defendants U.S. Bank National Association, Equifax Information Services, LLC, and Trans Union, LLC, for the following relief:

A. An award of actual damages, including but not limited to economic losses, credit denial damages, loss of liquidity/use of funds, and compensation for

severe emotional distress, mental anguish, and humiliation, pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. An award of statutory damages of up to $1,000.00 per willful violation against each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. An award of punitive and exemplary damages for the willful and reckless violations committed by Defendants, pursuant to 15 U.S.C. § 1681n(a)(2);

D. An order requiring all Defendants to permanently delete the inaccurate U.S. Bank account from Plaintiff's consumer credit files and reports;

E. An award of reasonable attorneys' fees, litigation expenses, and costs of court incurred herein, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

F. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Dated: June 24, 2026                    Respectfully Submitted,

Amy Beth Clark
State Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
4500 Mercantile Plaza Drive, Ste. 300
Fort Worth, TX 76137
Telephone: (210) 294-9273
eService: cpfiling@cimentlawfirm.com

*ATTORNEY FOR PLAINTIFF KENT STEADMON*