**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KENT STEADMON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:  4:26-cv-00728-ALM** |
| | § | **JUDGE AMOS L. MAZZANT, III** |
| **U.S. BANK NATIONAL** | § | |
| **ASSOCIATION, EQUIFAX** | § | |
| **INFORMATION SERVICES, LLC,** | § | |
| **AND TRANS UNION, LLC.** | § | |
| | § | |
| *Defendants*. | | |

---

## DEFENDANT'S ORIGINAL ANSWER

---

COMES NOW Defendant U.S. Bank National Association ("U.S. Bank") and files its Original Answer to the Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Kent Steadmon ("Plaintiff"), along with its affirmative and other defenses, as follows:

### I.    INTRODUCTION

1.    U.S. Bank admits the allegations contained in paragraph 1.

2.    U.S. Bank denies the allegations contained in paragraph 2.

### II.    JURISDICTION AND VENUE

3.    The allegations in paragraph 3 are legal conclusions or legal arguments to which no response is required. To the extent a response is required, U.S. Bank does not contest jurisdiction.

4.    The allegations in paragraph 4 are legal conclusions or legal arguments to which no response is required. To the extent a response is required, U.S. Bank does not contest venue.

### III.    PARTIES

5.    U.S. Bank admits Plaintiff is an adult individual. Whether Plaintiff is a consumer is a legal conclusion or legal argument to which no response is required. To the extent a response is required U.S. Bank lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies the same.

6.    With respect to the allegations in paragraph 6, U.S. Bank admits only that it is a business entity and that the stated business address is correct. The remaining allegations are legal conclusions or legal arguments to which no response is required. To the extent a response is required, U.S. Bank denies the remaining allegations in paragraph 6.

7.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the same.

8.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

### IV.    FACTS OF THE COMPLAINT

9.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the same.

10.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the same.

11.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.

12.    U.S. Bank denies the allegation in paragraph 12.

13.    U.S. Bank admits that it instituted a case in the District Court in Collin County, Texas, Cause No. 471-01970-2022. U.S. Bank denies the remaining allegations contained it paragraph 13.

14.    U.S. Bank denies that the court ruled that Mr. Steadmon was not liable for the alleged debt. U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15.    The allegations contained in paragraph 15 refer to a document, the terms of which speak for itself. The allegations set forth in paragraph 15 are also legal conclusions to which no response is required. To the extent the allegations are inconsistent with the document or contrary to the law, U.S. Bank denies them.

16.    U.S. Bank denies that Mr. Steadmon was awarded a "total victory over U.S. Bank in 2024." U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the same.

18.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the same.

19.    U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20.    U.S. Bank denies the allegation that U.S. Bank provided "inaccurate reporting." U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21.    U.S. Bank denies the allegation that "U.S. Bank was still reporting this false derogatory information – that he owed on a debt which was not his." U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

22.     U.S. Bank denies the allegations in paragraph 22.

23.     The allegations set forth in paragraph 23 are legal conclusions to which no response is required. To the extent the allegations are inconsistent with or contrary to the law, U.S. Bank denies them.

24.     U.S. Bank admits it received automated consumer dispute verifications ("ACDVs") from Equifax and TransUnion. U.S. Bank denies the remaining allegations contained in paragraph 24.

25.     U.S. Bank denies the allegations contained in paragraph 25.

26.     U.S. Bank lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27.     The allegations set forth in paragraph 23 are legal conclusions to which no response is required. To the extent the allegations are inconsistent with or contrary to the law, U.S. Bank denies them.

28.     U.S. Bank denies the allegations contained in paragraph 28.

29.     U.S. Bank denies the allegations contained in paragraph 29.

### V.    PLAINTIFF'S CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**15 U.S.C. § 1681s-2.**
**(Defendant U.S. Bank)**

30.    U.S. Bank incorporates by reference all preceding paragraphs as if fully set forth herein.

31.    U.S. Bank admits the allegations contained in paragraph 31.

32.    The allegations set forth in paragraph 32 are legal conclusions to which no response is required. To the extent the allegations are inconsistent with or contrary to the law, U.S. Bank denies them.

33.    U.S. Bank denies the allegations contained in paragraph 33.

34.    U.S. Bank denies the allegations contained in paragraph 34.

35.    U.S. Bank denies the allegations contained in paragraph 35.

36.    U.S. Bank denies any wrongdoing and denies that Plaintiff suffered any damages.

### SECOND CLAIM FOR RELIEF
**15 U.S.C. §1681e(b)**
**(Defendants Equifax and TransUnion)**

37.    U.S. Bank incorporates by reference all preceding paragraphs as if fully set forth herein.

38.    Paragraph 38 is not directed at U.S. Bank and therefore no response is required.

39.    Paragraph 39 is not directed at U.S. Bank and therefore no response is required.

40.    Paragraph 40 is not directed at U.S. Bank and therefore no response is required.

41.    Paragraph 41 is not directed at U.S. Bank and therefore no response is required.

42.    Paragraph 42 is not directed at U.S. Bank and therefore no response is required.

---

43.     Paragraph 43 is not directed at U.S. Bank and therefore no response is required.

44.     Paragraph 44 is not directed at U.S. Bank and therefore no response is required.

### VIOLATIONS OF THE FCRA (15 U.S.C. § 1681i (a))
### (Defendants Equifax and TransUnion)

45.     U.S. Bank incorporates by reference all preceding paragraphs as if fully set forth herein.

46.     Paragraph 46 is not directed at U.S. Bank and therefore no response is required.

47.     Paragraph 47 is not directed at U.S. Bank and therefore no response is required.

48.     Paragraph 48 is not directed at U.S. Bank and therefore no response is required.

49.     Paragraph 49 is not directed at U.S. Bank and therefore no response is required.

## VI.     JURY DEMAND

50.     U.S. Bank admits Plaintiff is entitled to a trial by jury.

## VII.     PRAYER

U.S. Bank denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested in his demand.

## DEFENSES

U.S. Bank also asserts the following affirmative and other defenses:

1.     Plaintiff fails to state a claim for which the requested relief can be granted and therefore each of her claims should be dismissed.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to allege and prove all conditions precedent to recovery.

3.      Plaintiff's claims are barred, in whole or in part, because U.S. Bank's acts and/or omissions were not the cause of Plaintiff's damages, if any. Rather, Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and/or entities, including Plaintiff herself, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

4.      Plaintiff's claims are barred, in whole or in part, as a result of U.S. Bank's compliance with the applicable statutes and law, including the FCRA.

5.      Plaintiff lacks standing under Article III of the U.S. Constitution to pursue his claim because he has not suffered harm that is concrete and particular.

6.      Plaintiff's claim fails because any alleged violations were unintentional and resulted from a bona fide error notwithstanding U.S. Bank's maintenance of procedures reasonably adapted to avoid any such error.

7.      U.S. Bank expressly and specifically reserves the right to amend this answer to add, delete, or modify affirmative defenses based on legal theories, facts and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claims and U.S Bank's position in this litigation.

///

///

///

///

///

## PRAYER

U.S. Bank prays that Plaintiff takes nothing, that judgment be granted in U.S. Bank's favor, and that U.S. Bank recover all other and further relief to which it is entitled.

Dated: August 11, 2026

Respectfully submitted,

Jennifer M. Wade
Texas State Bar No. 24052640
Jennifer.wade@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**COUNSEL FOR DEFENDANT U.S. BANK
NATIONAL ASSOCIATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been electronically served on August 11, 2026, on the following counsel of record via the CM/ECF system:\

| | |
|---|---|
| Amy Beth Clark<br>Ciment Law Firm, PLLC<br>4500 Mercantile Plaza Drive, Suite 300<br>Fort Worth, Texas 76137<br>cpfiling@cimentlawfirm.com<br>*Attorneys for Plaintiff* | Forest M. "Teo" Seger III<br>Clark Hill PLC<br>2301 Broadway Street<br>San Antonio, Texas 78215<br>TSeger@clarkhill.com<br>*Attorneys for Equifax Information Systems* |

_____

**Jennifer M. Wade**

---

**DEFENDANT'S ORIGINAL ANSWER**                                                                 **PAGE 9**