IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENT STEADMON,<br>Plaintiff,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION, EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC,<br>Defendants. | Civil Action No. 4:26-cv-00728-ALM |

**DEFENDANT TRANS UNION LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record and hereby files its Answer and Defenses to Plaintiff Kent Steadmon's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

## I. INTRODUCTION

1. Trans Union admits only that Plaintiff has asserted claims against Defendants for actual, statutory, and punitive damages, costs, and reasonable attorney's fees for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Trans Union denies the allegations contained in paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Trans Union admits that jurisdiction is proper in this Court.

4. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Eastern District of Texas. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 4 of the Complaint and, therefore, denies same.

## III. PARTIES

5. Trans Union admits that Plaintiff is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a(c). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union admits that it is a limited liability company authorized to do business in Texas. Trans Union admits that it maintains a registered agent in the State of Texas. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union denies the remaining allegations contained in paragraph 8 of the Complaint.

## IV. FACTS OF THE COMPLAINT

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, or the authenticity of Exhibit A, and, therefore, denies same.

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union denies the allegations contained in paragraph 20 of the Complaint.

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. The provisions of the FCRA are self-evident and speak for themselves. Trans Union

denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

## V. FIRST CLAIM FOR RELIEF

**(Defendant U.S. Bank)**

30. Trans Union restates and incorporates its responses to paragraphs 1 through 29 above as though fully stated herein.

31. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

**SECOND CLAIM FOR RELIEF**

**(Defendants Equifax and TransUnion)**

37. Trans Union restates and incorporates its responses to paragraphs 1 through 36 above as though fully stated herein.

38. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Defendants Equifax and TransUnion)**

45. Trans Union restates and incorporates its responses to paragraphs 1 through 44 above as though fully stated herein.

46. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint.

## VI. **JURY DEMAND**

50. Trans Union admits that Plaintiff requests a trial by jury. Trans Union denies that Plaintiff is entitled to the relief sought.

## VII. **PRAYER**

51. Trans Union denies the allegations contained in the Prayer for Relief of the Complaint, including all subparts (A through F), and denies that Plaintiff is entitled to any relief whatsoever.

## VIII. **DENIAL OF ANY REMAINING ALLEGATIONS**

52. Except as expressly admitted herein, Trans Union denies each and every remaining allegation contained in the Complaint.

## **DEFENSES**

53. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

54. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

55. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

56. Trans Union at all times acted in compliance with the FCRA.

57. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

58. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

59. Plaintiff failed to mitigate his alleged damages.

60. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Texas.

61. In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

62. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

63. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully Submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland

Attorney-in-Charge
Texas Bar No. 24046221
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Amy Beth Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
***Counsel for Plaintiff***

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**